IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLEIGH A. GRONINGER<br>5 Eldridge Ave.<br>Middletown, NJ  07748, | CIVIL ACTION |
| Plaintiff, | |
| vs. | DOCKET No.: |
| DAVID B. MAVRETIC<br>72 Audubon Park<br>Dillsburg, PA  17019 | |
| And | |
| EVANS DELIVERY COMPANY<br>1112 Rt. 41 Suite 103<br>Schererville, IN  46375, | |
| Defendants. | |

**COMPLAINT – JURY TRIAL DEMANDED**

Plaintiff, by way of Complaint against the Defendants, say:

**Count I – Parties, Jurisdiction and Venue**

1. Plaintiff, Kayleigh A, Groninger ("Plaintiff" or "Ms. Groninger"), is an adult individual residing at 5 Eldridge Avenue, Middletown, NJ  07748.

2. Upon information and belief, Defendant David B. Mavretic ("Defendant Mavretic" or "Mr. Mavretic"), currently resides at 72 Audubon Park, Dillsburg, PA  17019.

3. Upon information and belief, Defendant Evans Delivery Company ("Defendant Evans Delivery"), is an Indiana based Corporation with a principal place of business at 1112 Rt. 41 Suite 103, Schererville, IN 46375.

4. Upon information and belief, Defendant Evans Delivery Company is and was the owner of the vehicle more fully described below.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§ 1332 (a), because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. In addition, venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant Mavretic resides in the Commonwealth of Pennsylvania, the accident occurred in the Commonwealth of Pennsylvania, Defendant Evans Delivery availed itself of this jurisdiction via contacts and there is diversity of citizenship between the parties.

## II. Facts

7. On or about July 10, 2019, Ms. Groninger was the operator of a motor vehicle, which was stopped on State Route 15 facing northbound at AJK Blvd., in Kelly Township, Union County, Pennsylvania, when she was hit by the tractor trailer being driven by Mr. Mavretic, causing Plaintiff to be seriously injured, as more full described below.

8. It is believed, that at the time and place aforementioned, Defendant Mavretic was in the course and scope of his employment when this accident occurred.

### Count III - Negligence

9. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth herein at length.

10. At the time and place aforesaid, Defendant Mavretic so negligently and/or carelessly operated his motor vehicle, so as to cause the Plaintiff Ms. Groninger to be seriously injured.

11. The aforesaid accident occurred as a direct result of the negligence and carelessness of Defendant Mavretic, which conduct consisted of the following:

   (a) Failure to yield;

   (b) Failure to stop;

   (c) Failure to keep a proper lookout;

   (d) Failure to have said motor vehicle under proper and adequate control, under the circumstances;

   (e) Failure to have said motor vehicle under such control as to be able to stop, within the assured clear distance ahead;

   (f) Violating the ordinances of the situs municipality and the provisions of the Motor Vehicle Code in the Commonwealth of Pennsylvania with respect to the proper operation of motor vehicles;

(g) Driving too fast for the conditions;

(h) Operation of said motor vehicle at a high and excessive rate of speed, under the circumstances;

(i) Failure to properly maintain the subject motor vehicle in a safe and adequate operating condition;

(j) "Rear-ending" the plaintiff's vehicle;

(k) Following the Plaintiff's vehicle too closely and/or being too close to her vehicle; and/or

(l) Failure to properly consider the location and positioning of the other vehicle in the accident.

12. As a direct and proximate result of the negligence of Defendant Mavretic as aforesaid, the Plaintiff Ms. Groninger sustained serious and permanent injuries. She has suffered, and will suffer in the future, great pain; she has and will in the future be required to spend large sums of money for the cure and treatments of her injuries; and she has been, and will be in the future, be unable to pursue her normal daily activities as before.

13. Solely as a result of Defendant Mavretic's negligence, Plaintiff Ms. Groninger sustained serious, painful and permanent injuries, some and/or all of which are permanent in nature, causing great pain and suffering, including, but not limited to, injuries to her neck and back, including disc herniations and bulges,

loss of range of motion and mobility, bruising, agonizing aches, pains and mental anguish; she has in the past, and will in the future, continue to be disabled from performing her usual duties, occupations and avocations.

14. For the reasons as aforesaid, Plaintiff Ms. Groninger has suffered severe loss and future earnings and/or impairment of her earning capacity and power.

15. Plaintiff avers that the injuries and damages sustained as a result of this accident were caused solely by the negligence of the Defendant Mavretic.

WHEREFORE, having fully set forth her allegations against Defendant, Plaintiff respectfully requests the following relief:

a. Compensatory damages for pain and suffering, disfigurement, emotional distress, grief, anguish and sorrow; and loss of income; out of pocket expenses; Loss of life's pleasures; the limitation on work related duties; the limitation on personal tasks; and

b. Such further relief as the Court deems appropriate.

### Count IV –Vicarious Liability
### Evans Delivery Company

16. Plaintiff repeats and adopts each and every allegation and assertion set for above and below as if same were fully set forth here and at length.

17. Defendant Evans Delivery Company is vicariously liable for the negligent acts of agents, servants, employees, contractors, subcontractors and/or other third parties under their control or management.

**18.** At the time of the injury as set forth and described more particularly here and above, Defendant Evans Delivery had employed certain agents, servants, employees, contractors, subcontractors and/or independent contractors to perform delivery services for them and/or drive their vehicles to perform company work.

19. The injuries sustained by Plaintiff were directly caused by the negligence of the agents, servants, employees, contractors, subcontractors and/or independent contractors who negligently failed to safely operate the vehicle being driven while in the course and scope of their employment, which directly and proximately caused the injuries suffered by Plaintiff.

20. Defendant Evans Delivery is vicariously liable for the negligent acts of the individuals and/or entities which negligently failed to operate their motor vehicle in a safe manner causing Plaintiff to incur great pain, suffering and permanent injuries.

WHEREFORE, having fully set forth her allegations against Defendant, Plaintiff respectfully requests the following relief:

> a. Compensatory damages for pain and suffering, disfigurement, emotional distress, grief, anguish and sorrow; and loss of income; out of pocket expenses; Loss of life's pleasures; the limitation on work related duties; the limitation on personal tasks; and
>
> b. Such further relief as the Court deems appropriate.

## Count V – Negligence
## Evans Delivery Company

21. Plaintiff repeats and adopts each and every allegation and assertion set forth above and below as if same were fully set forth here and at length.

22. Upon information and belief, Defendant Evans Delivery was negligent and/or careless, as follows:

   a. Failing to properly train Defendant Mavretic;

   b. Failing to properly supervise Defendant Mavretic;

   c. Failing to properly monitor Defendant Mavretic;

   d. Failing to properly screen Defendant Mavretic during the hiring process;

   e. Failing to properly ensure that one or both of the defendants carry active and the required insurance;

   f. Failing to properly discipline Defendant Mavretic;

   g. Failing to properly ensure Defendant Mavretic was not a danger to other drivers;

   h. Failing to ensure Defendant Mavretic did not have a history of careless driving and/or previous accidents; and

   i. Failing to take reasonable and customary steps to make sure its driver operated a motor vehicle in a responsible manner.

23.     As a further result of the aforementioned accident, negligence and carelessness, Plaintiff was made to suffer great pain and agony, which she will continue to suffer for an indefinite period of time into the future, and will likely be permanent in nature.

24.     As a further result of the aforementioned accident, negligence and carelessness, Plaintiff has in the past and may in the future be obliged to receive and undergo medical attention and care, and also to incur various expenses described in 75 Pa. C.S.A. Section 1701 et seq., known as the Pennsylvania Motor Vehicle Financial Responsibility Law, which Plaintiff may be obliged to expend for an indefinite time into the future, to Plaintiff's great financial detriment and loss.

25.     Plaintiff has in the past and may into the future experience mental anguish, emotional suffering, together with physical pain and suffering and other non-economic losses, which they may continue to suffer for an indefinite period of time into the future, and will likely be permanent in nature.

26.     As a further result of the aforementioned accident, negligence and carelessness, Plaintiff has incurred or may hereafter incur other financial expenses, which do or may exceed amounts which they may otherwise be entitled to recover, for which Defendants are liable.

27. As a further result of the aforementioned accident, negligence and carelessness, Plaintiff has in the past and may into the future be disabled and suffer a loss and depreciation of earnings and impairment of earning capacity, and her earning power has in the past and may in future be hindered, perhaps permanently.

28. As a further result of the aforementioned accident, negligence and carelessness, Plaintiff has in the past and may into the future be prevented from engaging in her usual duties and/or occupations and/or her pleasures of daily living and activities, perhaps permanently, for which Defendants are liable.

WHEREFORE, having fully set forth her allegations against Defendant, Plaintiff respectfully requests the following relief:

    a. Compensatory damages for pain and suffering, disfigurement, emotional distress, grief, anguish and sorrow; and loss of income; out of pocket expenses; Loss of life's pleasures; the limitation on work related duties; the limitation on personal tasks; and

b. Such further relief as the Court deems appropriate.

          **THE LAW OFFICES OF JAMES W. SUTTON, III**

Date: July 8, 2021    By: /s/ James W. Sutton, III
                            James W. Sutton, III, Esquire
                            Attorneys for Plaintiff
                            1014 Mill Creek Drive
                            Feasterville, PA  19053
                            (215) 364-7900